Peter ALESSANDRI, Plaintiff, Appellee,

v.

APRIL INDUSTRIES, INC.,
Defendant, Appellant.

No. 90-2041.

United States Court of Appeals,
First Circuit.

Heard March 6, 1991.

Decided May 21, 1991.

Harry E. Woods with whom Gerardo Mariani, Bamily Lopez–Ortiz and Woods & Woods, were on brief, Hato Rey, P.R., for defendant, appellant.

Gerardo Pavia with whom Moreda & Moreda was on brief, San Juan, P.R., for plaintiff, appellee.

Before BREYER, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

BREYER, Chief Judge.

In June 1988 Peter Alessandri obtained a state court judgment in Florida against April Industries ("April") for about $135,-000. April appealed. In the meantime, on October 29, 1988, April's wholly-owned subsidiary, Futura Development ("Futura"), obtained a federal court consent judgment in Puerto Rico against Alessandri for about $15,000. In the consent judgment the parties agreed about how Alessandri and April would pay their apparently offsetting judgments. (The fact that Futura, not April, signed the agreement seems not to matter here, for Futura assigned its rights to April.)

Essentially, the agreement (attached here as an Appendix) says that Alessandri will, as of the date of the consent judgment, begin paying $7,000 of the $15,000 he owes in monthly installments. He will then

**2**

deduct the rest (about $8,000) from the $135,000 that April will owe him (assuming April loses its Florida appeal). That way, he would come out $120,000 ahead (*i.e.*, $135,000 minus $8,000 equals $127,000, which April will pay him; he will have already paid $7,000; so he is $120,000 ahead). The agreement adds that April can pay the net sum it owes over a twenty-four month period from the time it loses the Florida appeal. (The parties also agree to make appropriate interest payments and adjustments.)

Subsequently, over the next two years:

1) Alessandri made none of the promised $7,000–related monthly payments; but, as far as the record reveals, neither April nor Futura made any formal legal effort to obtain them.

2) In August, 1989, April lost the Florida appeal; but, it did not begin paying Alessandri any of the net $120,000 it owed him.

3) In June, 1990, nearly two years after the payment agreement, and almost one year after April lost the Florida appeal, Alessandri asked the federal district court in Puerto Rico to execute the Florida judgment. The court granted Alessandri summary judgment, ordering execution; and, in doing so, it netted out the two offsetting judgments. It said,

> in the execution of the judgment issued by the Florida court, Alessandri shall deduct from the amount owed to him by April Industries, Inc. the amount he owes under the [previous $15,000] judgment issued by this Court....

The court also made provisions for interest, which no one challenges.

■ April now appeals the court's judgment-executing order. April claims that this recent judgment conflicts with the earlier agreement scheduling payments, which, April says, gave it the right to pay its net debt to Alessandri over twenty-four months. We find its claims on appeal meritless.

There is no question that April owes Alessandri the net $120,000. It lost the Florida appeal; it does not contest the validity of the Florida judgment; and, Alessandri is willing to offset the earlier, smaller amount that April was owed. Nor do we understand how the earlier agreement could stand in the way of collection.

■ Perhaps the simplest, and most appropriate, way for a court to treat the earlier payment-scheduling agreement would be simply to ignore it. After all, the parties themselves seem to have ignored it. Neither Alessandri nor April kept to their payment schedules or even began to pay installments. Parties to a contract may, by their conduct, show an intent to abandon it. *See, e.g., Restatement (Second) of Contracts* § 283 a. ("Sometimes mere inaction on both sides, such as the failure to take any steps looking toward performance or enforcement, may indicate an intent to abandon the contract."). Moreover, April did *not* begin to make payments in August 1989 (when the Florida judgment was affirmed), when it promised to do so. And, its failure to keep that key term in the bargain would seem to give Alessandri the right to abandon the agreement. *See, e.g., Lopez v. Lopez*, 14 P.R.R. 634, 641 (1908) (where party demanding compliance has not himself complied with a reciprocal contract the other party may choose between compliance or resolution of the contract).

Regardless, assuming the payment-scheduling agreement, in some sense, still exists, the result is no different. The agreement gives April the right to stretch out its payments, but it also says that the judgment "will be paid." April did not begin to pay the net debt on time; indeed, it forced Alessandri to go to court for execution of the Florida judgment. It seems to us that, since it did not pay the judgment, it thereby lost its correlative right to stretch its net debt payments over time. *See Combs v. Ryan's Coal Co.*, 785 F.2d 970, 980–81, 984 (11th Cir.), *cert. denied*, 479 U.S. 853, 107 S.Ct. 187, 93 L.Ed.2d 120 (1986) (where party failed to make "good faith effort to fulfill the obligations of the original consent decree" by making payments in installments, it was proper for district court to "enter[ ] a final judgment ordering payment in full of the amount due under the ... decree").

April argues that Alessandri's failure to begin his $7,000–related installment payments somehow freed it from making its $120,000–related payment without loss of its right to stretch out payments over 24 months. It says that Alessandri's "performance" was a condition of its own "performance," and that Alessandri's failure to pay was a contract "breach." These arguments, however, are not convincing. The agreement does not purport to make Alessandri's beginning to pay April, say, $300 per month, a condition for April's paying back Alessandri, say, $5,000 per month. The two payment schedules, concerning two different corporations, are in two separate paragraphs. And, no one has advanced any reason *why*, given the eventual set-offs, the parties might want to have made April's eventual payment of its (contingent) large net debt, or its timing, depend upon Alessandri's having begun his earlier, small installment payments. The latter, therefore is not a "condition precedent," in respect to the former. *See Lockwood v. Wolf Corp.*, 629 F.2d 603, 610 (9th Cir.1980) (no condition precedent found in court-approved settlement; "courts have consistently disfavored conditions precedent, and have not construed stipulations as conditions unless required to do so by unambiguous language"); *Restatement (Second) of Contracts* § 226, comment a. Nor do we see how anyone could consider Alessandri's failure to begin payments a *"material"* breach of contract in respect to April's promise to pay its net debt. *See, e.g., Mitsui & Co. v. Puerto Rico Water Resources Auth.*, 528 F.Supp. 768, 791 (D.P.R.1981); *Madera v. Madera*, 49 P.R.R. 159, 169 (1935).

Finally, we note that April's basic claim on this appeal concerns its right to *delay* payment until June 1991. Although it has lost the appeal, the time needed for briefs, argument, and opinion writing has come close to giving it in practice what the law denies it in principle. Given the weakness of the legal claims, and the unfairness involved in requiring Alessandri to pay the costs of appeal, we consider this an appeal made "for purposes of delay," and we award both double costs and $3,000 in attorneys' fees to Alessandri. *See* 28 U.S.C. § 1912; Fed.R.App.P. 38; *Applewood Landscape & Nursery Co. v. Hollingsworth*, 884 F.2d 1502, 1509 (1st Cir.1989); *Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 472 (1st Cir.1985); *Good Hope Refineries, Inc. v. Brashear*, 588 F.2d 846, 848 (1st Cir.1978).

*Affirmed. Double costs and $3,000 in attorneys' fees to appellee.*

## APPENDIX

### Consent Judgment

Pursuant to its terms and conditions, Judgment is hereby entered in the amount of $15,122.27 in favor of plaintiff Futura Development of Puerto Rico, Inc. and, jointly and severally against defendants Peter Alessandri and Eleanor Alessandri and the conjugal partnership composed by them. Said amount shall be paid in the following manner:

Seven Thousand dollars ($7,000) in cash over a period of 24 months, plus interest thereon at 12% per annum, since the date of the loan, April 7, 1978, in equal monthly installments, payment to commence as of today. The interest on that amount will be the same as that fixed in the Florida case which is 6%, since a certain month which is to be ascertained in 1982, and, thereafter, at 12% per annum. The $7,000 payment, plus interest, will be evidenced by a promissory note which will be subscribed by Peter and Eleanor Alessandri, which will be forwarded by them to Futura Development of Puerto Rico, Inc.

The balance of $8,122.27 will be credited against the principal of the judgment obtained by Peter Alessandri in the case of Alessandri v. April Industries, Inc. in the Circuit Court of Pinaeous [sic] County, Clearwater, Florida, Civil 84–12964–7. This judgment is now on appeal and amounts to $135,142.00.

In the event that Mr. Alessandri is successful and the judgment is affirmed, then that judgment will be paid by April Industries, Inc. in twenty-four months in equal monthly installments. The interest on the

**4**

$8,122.27 will continue to accrue and will be set off by the interest on the Florida judgment.