Jose A. CUEVAS–SEGARRA, & Amneris
Martinez, Appellants,

v.

Maria Luisa CONTRERAS, Appellee,

Antonio R. Concepcion–Velazquez,
Agna I. Morales, Appellees.

Jose A. CUEVAS–SEGARRA, & Amneris
Martinez, Appellees,

v.

Maria Luisa CONTRERAS, Appellee,

Antonio R. Concepcion–Velazquez,
Agna I. Morales, Appellants.

Nos. 97–1234, 97–1265.

United States Court of Appeals,
First Circuit.

Heard Nov. 3, 1997.

Decided Jan. 23, 1998.

Charles A. Cuprill–Hernández, Ponce, PR, with whom Carlos A. Surillo–Pumarada, San Juan, PR, and Charles A. Cuprill–Hernández Law Offices, Ponce, PR, were on brief, for appellants.

María Luisa Contreras, with whom María Luisa Contreras Law Offices, San Juan, PR, was on brief, for appellees.

Before TORRUELLA, Chief Judge, LYNCH, Circuit Judge, and DiCLERICO, Jr.,* District Judge.

PER CURIAM.

The bankrupt estate of José Méndez–Rosado and his wife, Alejandra Becerra, had few assets. One of the most significant was a malpractice claim against Dr. Karl Horn and Dr. Julio Westerband. On August 26, 1988, attorneys Antonio Concepción and José

---

* Of the District of New Hampshire, sitting by designation.

A. Cuevas–Segarra filed a Motion for Designation of Special Counsel, hoping to obtain bankruptcy court approval to settle the malpractice suit on behalf of the debtors. The Motion was denied without prejudice because the attorneys had failed to abide by Bankruptcy Rule 2014, which required the inclusion of a verified statement that the attorneys were disinterested persons.[1] Instead of amending the application to include the verified statement, the attorneys settled the case in February 1989, without bankruptcy court approval or notice to creditors, dividing $70,000 between themselves and the debtors.[2]

For five years, the players in the bankruptcy proceedings took no notice of the settlement. In February 1994, a new bankruptcy trustee, María Luisa Contreras, was appointed to the case. Ms. Contreras soon learned of the settlement and immediately filed a complaint with the bankruptcy court alleging that Cuevas and Concepción were improperly in possession of property belonging to the debtors' estate. On November 3, 1995, the bankruptcy court entered a decision and order that, pursuant to 11 U.S.C. §§ 105(a), 362(c), and 542(a), Cuevas and Concepción must return $27,456.00 in fees that they received from the settlement. Cuevas and Concepción appealed this decision to the federal district court in Puerto Rico, which subsequently affirmed the bankruptcy court opinion. They again appealed the decision, and we now reaffirm the judgment for the trustee, Ms. Contreras.

The decisions of the bankruptcy and district courts are premised upon three alternative grounds. First, the decisions rely upon Bankruptcy Code (the "Code") § 105(a), a "catch-all" section which provides a bankruptcy court with broad powers to enforce the Code, preserving the integrity of the bankruptcy system.[3] Second, reliance is placed on Bankruptcy Code § 362(c), which provides for an automatic stay of any act against property of the estate unless approved by the court.[4] Any non-approved monetary transaction affecting estate assets is thus voided. Finally, the opinions look to Bankruptcy Code § 542(a), which requires an entity in control of property of a bankrupt estate to return that property to the trustee.[5]

We need look no further than § 105(a) to affirm the courts' decisions. The broad authority conferred by this section of the Code provides "teeth" to the equitable powers of a bankruptcy court. *See Noonan v. Secretary of Health & Human Servs. (In re Ludlow Hosp. Soc., Inc.)*, 124 F.3d 22, 27

1. The relevant part of Bankruptcy Rule 2014 reads:
   The application [for employment of attorneys] shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any persons employed in the office of the United States trustee.

2. Cuevas and Concepción claim that they thought the bankruptcy case was closed, and that bankruptcy court approval was no longer necessary for the representation. Nothing to that effect ever issued from the bankruptcy court.

3. The section reads:
   The Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

4. The section provides for:
   (1) the stay of an act against the property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
   (2) the stay of any other act under subsection (a) of the section continues until the earliest of -
   (A) the time the case is closed;
   (B) the time the case is dismissed; or
   (C) if the case is a case under chapter 7 of this title concerning an individual ... the time a discharge is granted or denied.

5. The section reads:
   Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

(1st Cir.1997) ("[s]ection 105(a) empowers the bankruptcy court to exercise its equitable powers—where 'necessary' or 'appropriate'—to facilitate the implementation of other Bankruptcy Code provisions"). A proper application of § 105(a) will effectuate the Bankruptcy Code without fashioning or altering substantive rights of debtors or creditors, ensuring that "technical considerations will not prevent substantial justice from being done." *Pepper v. Litton,* 308 U.S. 295, 305, 60 S.Ct. 238, 244, 84 L.Ed. 281 (1939); *see also Noonan,* 124 F.3d at 27; *Gens v. Resolution Trust Corp.,* 112 F.3d 569, 576 (1st Cir.1997).

In light of these standards, we conclude that the broad authority of § 105(a) was properly brought to bear against Cuevas and Concepción in this case. A bankruptcy court has a duty to review the fees paid to professionals and § 105(a) provides authority to effectuate judgments such as the denial of Cuevas and Concepción's Motion for Designation of Special Counsel. In spite of the fact that they had been refused court permission to settle the pending malpractice action, these attorneys forged ahead, settling the case and failing to apprise the creditors or the court of the payments received by the debtors and by themselves. Such behavior undermines the integrity of the bankruptcy system and public confidence therein. *See In re E Z Feed Cube Co.,* 123 B.R. 69, 74 (Bankr.D.Or.1991) (holding that professionals' fees must be returned to the trustee under § 105(a) in a similar situation).

■ Most of the energy expended in this case has been directed toward the dispute over whether § 542(a) can be used to recover a post-petition transfer. The appellants argue that only § 549 provides for such recoveries, and that a two-year statute of limitations bars the trustee's action in this case. This argument is moot. Although the equitable powers of the bankruptcy court are limited, *see Noonan,* 124 F.3d at 27, only a hopelessly strained interpretation of the Code would tie the court's hands while attorneys ignore a direct court ruling, hoping that the statute of limitations will run before the creditors, trustees or judge catch on.

Cuevas and Concepción protest that much of the blame in this case belongs to Héctor L. Urrutia, the original trustee in this case and a predecessor to Contreras. Cuevas and Concepción allegedly wrote numerous letters to Urrutia requesting that he submit to the bankruptcy court an application for their employment, which would have paved the way for them to receive court approval for their representation. According to the authors, these letters received no response. Nevertheless, it is undisputed that Urrutia ultimately advised Cuevas and Concepción to check with the bankruptcy court before taking any action regarding the malpractice action. They did not do so.

For the reasons stated herein, the decision of the district court is *affirmed.* Costs and attorney's fees are awarded to Ms. Contreras. Furthermore, the district court is directed to review the conduct of attorneys Concepción and Cuevas–Segarra in this matter to determine whether they should be subject to disciplinary procedures.