In re:  R&R Associates                 CV-03-124-M    12/03/03
                UNITED STATES DISTRICT COURT

                DISTRICT OF NEW HAMPSHIRE


In re:
R&R Associates of Hampton,
      Debtor

_____

Dennis G. Bezanson, Trustee
of the Estate of R&R
Associates of Hampton,
      Appellant

      v.                                  Civil No. 03-124-M
                                          Opinion No. 2003 DNH 204
Thomas J. Thomas, Jr.; Mitchell
B. Utell; Marc L. Van De Water;
Glen C. Raiche; Thomas & Utell;
Thomas, Utell, Van De Water &
Raiche; and Thomas, Utell,
Van De Water & Raiche, PA,
      Appellees


                        **O R D E R**


      Before the court is Trustee Dennis Bezanson's motion for

leave to amend his February 7, 2003, notice of appeal.  The

judgment appealed from is dated January 31, 2003.  Among other

things, that judgment made final (and appealable) a March 30,

1999, order granting a motion to dismiss filed by Reginald L.

Gaudette, Reginald L. Gaudette Family Limited Partnership I,

Louise L. Gaudette Family Limited Partnership II, and J&L Family

Limited Partnership III.[1]  Gaudette and the Family Limited

Partnerships ("FLPs") are four of eleven defendants named in Adv.

No. 98-1174-MWV, which was filed as a part of Bk. No. 91-10983-

MWV.[2]  Although the March 30, 1999, dismissal is the only matter

challenged on appeal, the Trustee's notice of appeal did not name

Gaudette or the FLPs as appellees.  In his motion to amend, the

Trustee seeks to correct that failure.[3]

As originally filed, the Trustee's notice of appeal plainly

failed to conform to the requirements of FED. R. BANKR. P.

8001(a), which provides that "[t]he notice of appeal shall . . .

contain the names of all parties to the judgment, order, or

decree appealed from and the names, addresses, and telephone

---

[1] In Adv. No. 98-1174-MWV, the Trustee sought to avoid certain transfers to the FLPs made by Gaudette, who was a general partner in R&R Associates of Hampton, the debtor general partnership.

[2] Bk. 91-10983-MWV gave rise to two other adversary proceedings, Adv. No. 98-1090-MWV and Adv. No. 98-1136-MWV.

[3] The Trustee's motion is unopposed, but then none of the parties actually named in the notice of appeal has any discernable interest in the merits of the appeal, probably because none is liable to or capable of providing the relief the Trustee seeks against Gaudette and the FLPs.  Similarly, the named appellees have no discernable interest in the disposition of the Trustee's motion to add Gaudette and the FLPs as appellees.

2

numbers of their respective attorneys."[4]  The Trustee's notice of appeal did not name, in its caption or body, either Gaudette or the three FLPs, and did not provide the names, addresses, and telephone numbers of the attorneys for those four parties. Attached to the Trustee's notice of appeal was a "Master Service List," listing the people who were given notice of the appeal. That list included Gaudette but did not, on its face, include the names, addresses, and telephone numbers of the attorneys for

_____

[4] It appears to be well settled that failure to name an appellant in a notice of appeal deprives the district court of jurisdiction to entertain the appeal as to the unnamed appellant. See, e.g., Storage Tech. Corp. v. U.S. Dist. Ct., 934 F.2d 244, 247-48 (10th Cir. 1991) (citing F.P.P. Enters. v. United States, 830 F.2d 114, 118 (8th Cir. 1987)); In re Pettibone, 145 B.R. 570, 572-74 (N.D. Ill. 1992); see also 10 Collier on Bankruptcy ¶ 8001.07[2], at 8001-17 (15th ed. rev. 2003).  Similarly, a district court's jurisdiction is limited to issues that have been raised in a timely filed notice of appeal.  See, e.g., Suhar v. Burns (In re Burns), 322 F.3d 421, 429-30 (6th Cir. 2003). However, no court has held that failure to name an appellee in a notice of appeal deprives the district court of jurisdiction over the appeal, and three courts have either held or implied to the contrary — that failure to name an appellee is one of those steps referred to in Fed. R. Bankr. P. 8001(a) that "does not affect the validity of the appeal."  See, e.g., Exco Res., Inc. v. Milbank, Tweed, Hadley & McCloy LLP (In re Enron Corp.), No. 02 Civ. 5638(BSJ), 2003 WL 223455, at *3-*4 (S.D.N.Y. Feb. 3, 2003); Vergos v. Uncle Bud's, Inc., No. 3-97-0296, 1998, at *2-*3 WL 652542 (M.D. Tenn. Aug. 17, 1998); Appeal of Cent. Nat'l Bank (In re Hilligoss), 849 F.2d 280, 282 (7th Cir. 1988).  In this case, the Trustee failed to name Gaudette and the FLPs as appellees in his notice of appeal, but because the appeal is dismissed on other grounds, discussed below, there is no need to resolve the jurisdictional issue arising from that failure.

3

Gaudette or the FLPs.[5]  Thus, even assuming that any name on the "Master Service List" could be considered to be "contained" in the notice of appeal for purposes of FED. R. BANKR. P. 8001©),[6] the list still fails to include the information required by Rule 8001©).  Accordingly, with regard to the issues the Trustee seeks to raise on appeal, the notice of appeal does not comply with Rule 8001(a), and requires amendment.

---

[5] The Master Service List does include the names of a number of attorneys, but because it does not indicate who those attorneys represent, it is difficult to verify the Trustee's assertion that he served the attorneys for the FLPs with the notice of appeal.  A cursory comparison of the Master Service List and the list of appearances in the caption of 1999 BNH 039 suggests that the FLPs' attorneys have not been served with any of the pleadings in this appeal.  Moreover, while it appears from the documents on file that the FLPs were represented, at least at one point, by Ralph Holmes, Esq., of McLane, Graf, Raulerson & Middleton, P.A., neither Attorney Holmes's name nor the name of the McLane firm appears in the Master Service List, and one document indicates, explicitly, that Attorney Holmes was <u>not</u> provided with electronic service of the notice of appeal.

[6] <u>Citizens Bank & Trust Co. v. Case</u> (<u>In re Case</u>), 937 F.2d 1014 (5th Cir. 1991), suggests that in one respect the bankruptcy rules are actually less strict than the rules of appellate procedure.  "While FED. R. APP. P. 3(c) requires that '[t]he notice of appeal shall <u>specify</u> the party or parties taking the appeal,' Rule 8001 requires only that the notices '<u>contain</u>' the names of all parties and their attorneys."  <u>Id.</u> at 1021 (emphasis added).  Thus, <u>In re Case</u> might plausibly be understood as standing for the proposition that a name on the Master Service List appended to a notice of appeal is actually "contained" in the notice of appeal, even though that name is not "specified" by inclusion in the caption or the body of the notice.

In the bankruptcy context, a motion to amend a notice of appeal is governed by the same time limits applicable to filing a notice of appeal.  In re Burns, 322 F.3d at 430; see also Storage Tech., 934 F.2d at 248 ("'[D]efects in a notice of appeal may be remedied by filing other documents supplying omitted information.'  However, the corrective documents must be filed 'within [the] time limit for filing a notice of appeal.") (quoting Hubbert v. City of Moore, 923 F.2d 769, 772 (10th Cir. 1991)); In re Pettibone Corp., 145 B.R. at 575 n.4 ("A notice of appeal may only be amended during the ten day time period for filing the original notice of appeal.'") (citing In re Memorial Estates, Inc., No. 89 C 7620, 1990 WL 37622 (N.D. Ill. Mar. 22, 1990)).

A party must file a "notice of appeal . . . within 10 days of the date of the entry of the judgment, order, or decree appealed from."  FED. R. BANKR. P. 8002(a).  The ten-day limit is not entirely inflexible; a potential appellant may request that "[t]he bankruptcy judge . . . extend the time for filing the notice of appeal."  FED. R. BANKR. P. 8002(c)(1) (emphasis added); see also Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.),

684 F.2d 410, 412 (6th Cir. 1982) (holding that "<u>only</u> . . . the bankruptcy judge . . . 'may extend the time for filing the notice of appeal'") (emphasis added).  The bankruptcy judge may extend the time limit, under the following circumstances:

> A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect.

FED. R. BANKR. P. 8002(c)(2).  The rule makes no provision for extending the time for filing a notice of appeal after the twenty-day "excusable neglect" period has run.  <u>In re Burns</u>, 322 F.3d at 430.  In the scheme established by Rule 8002, once the initial ten-day period for filing (or amending) a notice of appeal has run, any subsequently filed notice of appeal (or motion to amend) <u>must</u> be preceded by a request for an extension of the filing period.

Under the Bankruptcy Rules, the Trustee had ten days from January 31, 2003, to move to amend his notice of appeal.  He also could have moved the bankruptcy court to extend the ten-day time

6

limit, within twenty days of its expiration, on grounds that he had missed the deadline due to excusable neglect. However, after filing a timely but defective notice of appeal on February 7, 2003 (i.e., within the ten-day limit), the Trustee did not move the bankruptcy court to amend the notice of appeal (within the ten-day limit) and did not move the bankruptcy court to extend the time limit for moving to amend the notice (within the twenty-day limit). Rather, he has moved this court to amend the notice of appeal, more than eight months after it was initially filed, and without having moved to extend the time for filing a motion to amend, and without arguing, much less establishing, that his failure to move to amend within the ten-day limit was due to excusable neglect. In essence, the Trustee has moved for relief not generally available, within a time frame that would have precluded relief had the request been filed in the proper forum.[7]

The Trustee's current motion to amend cannot serve as a motion to extend time. Cf. Williams v. EMC Mortgage Corp. (In re

_____

[7] If, in fact, the Trustee had filed a motion to amend his notice of appeal, or had filed a motion to extend the time limit for doing so, within the relevant time limits but in this court, those motions would have been deemed timely. FED. R. BANKR. P. 8002(a). But here, the Trustee's motion to amend was untimely by more than eight months.

7

Williams), 216 F.3d 1295, 1297-98 (11th Cir. 2000) (declining to construe appellant's "late notice of appeal as a motion for extension of time due to excusable neglect"). And, even if the Trustee's motion to amend could be construed as a motion for extension of time, this is not the correct forum in which to seek such relief. See In re LBL Sports Ctr., 684 F.2d at 412 (holding that because "only . . . the bankruptcy judge . . . 'may extend the time for filing the notice of appeal'" and appellant never directed such a request to the bankruptcy court, "the district court should not have passed upon [appellant's] claim of excusable neglect").[8] Moreover, in the event that the Trustee had filed a motion to extend (rather than a motion to amend) in the bankruptcy court (rather than this court) eight months after the date of the decision appealed from, the bankruptcy court would have been obliged to deny the motion as untimely. See In re Burns, 322 F.3d 430. Because the Trustee missed the ten-day deadline for moving to amend his notice of appeal and never moved

---

[8] "The question of excusable neglect is left to the discretion of the Bankruptcy Court Judge whose decision should not be set aside unless the reviewing court has a definite and firm conviction that the court below committed a clear error of judgment." In re LBL Sports Ctr., Inc., 684 F.2d at 412 (quoting In re Washington Group, Inc., 476 F. Supp. 246, 249 (M.D.N.C. 1979)).

to extend the time in which to amend, either within or beyond the relevant deadline, his motion for leave to amend must, necessarily, be denied.

Absent an amendment, Gaudette and the FLPs cannot be parties to the Trustee's appeal. They are, however, the only adverse parties in the proceeding below with both an interest in the issues on appeal and the ability to deliver the relief sought by the Trustee – avoidance of asset transfers from Gaudette to the FLPs. Because Gaudette and the FLPs have a due process interest in this appeal, but have not been made parties to it, and because they have a cognizable interest in finality at this late date, and because none of the appellees who are parties to the appeal could provide the relief the Trustee seeks, the appeal is dismissed.

One final caveat. The Trustee's appeal is dismissed because he failed to meet the deadlines for amending his notice of appeal, amendment at this late date is denied, and absent an amendment, essential parties to the appeal are absent. It is that failure, rather than the separate failure to name Gaudette

and the FLPs as appellees, that results in dismissal of the appeal. In other words, this order does not reach the issue of whether the failure to name an appellee divests this court of jurisdiction over a bankruptcy appeal, but only whether the Trustee's late motion to amend the notice to add specific appellees should be granted under the circumstances.

## Conclusion

The Trustee's motion for leave to amend the notice of appeal (document no. 9) is denied. The appeal is dismissed. The Clerk shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 3, 2003

cc:   William S. Gannon, Esq.
      Robert M. Daniszewski, Esq.
      Geraldine B. Karonis, Esq.
      George Vannah, US Bankruptcy Court