# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| HECTOR SOTO,<br>　　　　　　Appellant, | DOCKET NUMBER<br>AT-4324-13-0134-B-1 |
| 　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　　　Agency. | DATE: October 10, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Hector Soto</u>, Riviera Beach, Florida, pro se.

<u>Dana C. Heck</u>, Esquire, St. Petersburg, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).  We FORWARD the appellant's claim regarding his nonselection for the position of Pathology Specialist to the Atlanta Regional Office for docketing as a new USERRA appeal.

¶2        The agency appointed the appellant to the competitive service position of Cytotechnologist, GS-11, Step 1, effective June 10, 2007.  MSPB Docket No. AT-4324-13-0134-I-1, Initial Appeal File (IAF I-1), Tab 5 at 6.  Several years later, the appellant filed a USERRA appeal with the Board, alleging that the agency discriminated against him based on his veteran status because it failed to exercise its discretion under 5 C.F.R. § 531.212 to appoint him at a step higher than Step 1.  IAF I-1, Tab 1.  He requested a hearing.  *Id.* at 2.  The administrative judge dismissed the appeal without holding a hearing, finding that the appellant failed to make a nonfrivolous allegation of Board jurisdiction.  IAF I-1, Tab 11.

¶3        The appellant filed a petition for review of the initial decision in Docket No. AT-4324-13-0134-I-1.  MSPB Docket No. AT-4324-13-0134-I-1, Petition for Review File (PFR File I-1), Tab 1.  The Board found that the appellant had established Board jurisdiction over his USERRA appeal because he nonfrivolously alleged that:  (1) because he is a veteran, the agency denied him a

benefit of employment by failing to appoint him at a step higher than Step 1, despite his superior qualifications; and (2) the agency appointed a nonveteran of equal grade, level, title, position and qualifications at a significantly higher step than him. PFR File I-1, Tab 5; *see* IAF I-1, Tab 1 at 5-6. Accordingly, the Board remanded the appeal with instructions for the administrative judge to conduct the requested hearing. PFR File I-1, Tab 5.

¶4 On remand, after holding a hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action under USERRA. MSPB Docket No. AT-4324-13-0134-B-1, Initial Appeal File (IAF B-1), Tab 12, Initial Decision (ID). He found that the appellant failed to establish by preponderant evidence that his veteran status was a motivating or substantial factor in the agency's failure to appoint him above the Step 1 level because: (1) the agency's hiring procedures and 5 C.F.R. § 531.211 require it to offer positions to first-time civilian employees of the federal government at the Step 1 level, except under the limited circumstances set forth at 5 C.F.R. § 531.212; (2) even when an exception exists that allows the agency to appoint such an employee above the Step 1 level, the agency is not required to do so because this authority is discretionary; (3) the agency appointed an individual at the Step 8 level but, consistent with its policy, only did so after that individual declined its initial offer of appointment at the Step 1 level, and after it had attempted to fill the position for almost 2 years without success; and (4) the appellant accepted the offer of appointment at the Step 1 level outright, rather than attempting to bargain for a higher salary. *See* ID. Based on the foregoing, the administrative judge also found that even if the appellant had proved that his veteran status was a motivating or substantial factor in his appointment at the Step 1 level, the agency proved by preponderant evidence that it would have taken the same action even in the absence of this protected status. *See* ID.

¶5 The appellant has filed a petition for review of the remand initial decision, which the agency opposes. MSPB Docket No. AT-4324-13-0134-B-1, Petition

for Review File (PFR File B-1), Tab 1, Tab 3. The appellant does not identify any error in the initial decision. Rather, he complains of his nonselection for a Pathology Specialist position in July 2014, after the issuance of the remand initial decision. PFR File B-1, Tab 1. He asserts that his nonselection for that position was discriminatory and retaliatory, in violation of USERRA, "the anti-discrimination laws," and the agency's equal employment opportunity (EEO) policy.[2] *Id.* We will not consider these claims, which far exceed the scope of our remand order. *See Zelenka v. Office of Personnel Management*, 110 M.S.P.R. 205, ¶ 15 n.3 (2008) (refusing to address an appellant's arguments which exceeded the scope of the issues to be addressed on remand), *rev'd on other grounds*, 361 F. A'ppx 138 (Fed. Cir. 2010). Accordingly, we AFFIRM the initial decision.

¶6        Regarding the appellant's nonselection,[3] because he appears to be raising a new claim under USERRA—that he was not selected because of his military status and/or because he previously exercised his right to file a USERRA appeal—we FORWARD the matter to the Atlanta Regional Office for docketing as a new appeal. As to his claims that his nonselection violated "the anti-discrimination laws" and the agency's EEO policy, we have already explained that we lack authority to consider claims of prohibited discrimination under 5 U.S.C. § 7702(a)(1) regarding actions that are not otherwise appealable to the Board, such as nonselections. *See Cruz v. Department of the Navy*, 934 F.2d

---

[2] The appellant also suggests that his nonselection constitutes an "abuse of authority" and that the agency retaliated against him for "identif[ying] a legitimate problem or report[ing] what may be a violation of law, policy, or the VA core values." PFR File B-1, Tab 1 at 6-7. To the extent that the appellant wishes to file an individual right of action appeal, he may refer to 5 U.S.C. § 1221 for guidance.

[3] It is unclear whether the appellant was not selected for one or two positions. He provided evidence that he was found eligible for Vacancy No. 1139351, but ineligible for Vacancy No. 1161445. PFR File B-1, Tab 1 at 11-14. Both were for the position of Pathology Specialist, GS-0601-12, in Florida. *Id.*

1240, 1245-46 (Fed. Cir. 1991); *see also Polen v. Department of Defense*, 72 M.S.P.R. 1, 4 (1996); PFR File I-1, Tab 5 at 3.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.