# United States Court of Appeals
## For the First Circuit

No. 14-2340

IN RE:  JULIO ENRIQUE GIL-DE LA MADRID

Debtor,

JULIO ENRIQUE GIL-DE LA MADRID,

Plaintiff, Appellant,

v.

BOWLES CUSTOM POOLS & SPA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Thompson, Hawkins,* and Barron,
Circuit Judges.

Maximiliano Trujillo-Gonzalez was on brief for appellant.
José Vázquez García was on brief for appellee.

_____

*  Of the Ninth Circuit, sitting by designation.

March 25, 2016

**HAWKINS, <u>Circuit Judge</u>.** This appeal arises from a dispute whether the bankruptcy court erred in enlarging time for a creditor to file an unsecured claim. Appellant Julio Enrique Gil-De La Madrid, debtor to Appellee Bowles Custom Pool & Spa, appeals the district court's order affirming the bankruptcy court's decision to permit Bowles to file an unsecured claim after the initial statutory ninety-day deadline from the date of the initial creditors' meeting had passed.[1] Because this deadline fell in a period between the case's dismissal and subsequent reinstatement, the bankruptcy court reset the deadline to account for the time the case was dismissed and accepted Bowles's claim as timely. We affirm. We also deny Bowles's motion for attorney fees, costs, and/or sanctions.

## I.  Background

After Appellant filed for Chapter 13 bankruptcy protection, the bankruptcy court set July 19, 2012, as the deadline for creditors to file unsecured claims. On June 13, 2012, the bankruptcy court granted the trustee's motion to dismiss the case. Pursuant to Appellant's motion for reconsideration, however, the

---

[1] Appellant's opening brief also argues against the propriety of an 115,000 dollar attorney fee judgment ordered by a Florida court against him. As Bowles points out, however, such a question was not raised below and Gil-De La Madrid does not demonstrate why it should be addressed on this appeal, let alone by this circuit. We therefore do not consider it.

case was reinstated on August 1, 2012, after the July 19 deadline had passed. When Bowles sought leave to file an untimely unsecured claim on August 7, 2012, explaining it had assumed the July 19 deadline was no longer operative after the case's June dismissal, the bankruptcy court reset the filing deadline to September 6, 2012, and accepted Bowles's claim. The district court affirmed this decision and entered final judgment.

## II. Standard of Review

A bankruptcy court order on appeal from the district court is reviewed directly. We disturb its factual findings only if clearly erroneous, but apply de novo review to its conclusions of law. In re Furlong, 660 F.3d 81, 86 (1st Cir. 2011).

## III. Discussion

### A. Bankruptcy Court's Discretion to Enlarge Time

A proof of claim filed under 11 U.S.C. § 501 is deemed permissible unless a party in interest objects. Federal Rule 3002(c) of Bankruptcy Procedure lists six exceptions to the rule that an unsecured creditor's proof of claim is timely in a Chapter 13 case "if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code."[2] Rule 9006, on computing time in accordance with time

---

[2] These exceptions include: (1) claims by governmental units; (2) extensions for infants or incompetent persons; (3) claims that become allowable as a result of judgment; (4) claims arising from rejection of an executory contract or unexpired lease; (5) claims

-4-

limits set forth elsewhere in the Federal Rules of Bankruptcy Procedure, expressly confines the bankruptcy court's jurisdiction to enlarge time for filing proofs of claim to the conditions stated under Rule 3002(c). Fed. R. Bankr. P. 9006(b)(3). None of this rule's enumerated exceptions apply in this instance. In addition, Rule 9006(a)(1)(B) is clear that in computing the ninety-day period, the court should "count every day, including intermediate Saturdays, Sundays, and legal holidays." The text further states that even a day on which the clerk's office is inaccessible should be counted, unless such a day happens to be the last of the ninety days. Fed. R. Bankr. P. 9006(a)(3). The rule does not, however, address how time should be computed in the event of a case's dismissal and subsequent reinstatement.

An order dismissing a bankruptcy case does not in and of itself end the "case." The order of dismissal may be, as it was here, overturned following a timely motion for reconsideration, see Fed. R. Bankr. P. 9023, 9024, or notice of appeal, see Fed. R. Bankr. P. 8002. If the dismissed case is reinstated in that way, then it is still the same "case" when it comes back to life. See In re Gardenhire, 209 F.3d 1145, 1146 (9th Cir. 2000). And thus, if the court has set the first date for the creditor's meeting in

---

for which there were previously insufficient assets, but now may be payable; and (6) claims by creditors notified of the deadline at a foreign address.

that case, the reversal of the order of dismissal does not permit a new "first" date for a meeting of creditors to be scheduled. Accordingly, the ninety-day filing period for the revived case is the same one that had been established before the dismissal of that case.

No circuit has held, however, that in a case that is dismissed after the petition is filed and then reinstated after the ninety-day period has run, a creditor must file while the case is dismissed in order for the claim to be timely filed. In re Gardenhire, 209 F.3d at 1148, involved a case that was revived before the bar date had passed. In closely analogous circumstances (concerning time for filing nondischargeability complaints rather than proofs of claims), the Fifth Circuit has rejected the idea a creditor must file even when the case has been dismissed. See In re Dunlap, 217 F.3d 311, 314-17 (5th Cir. 2000); Matter of Coston, 987 F.2d 1096, 1099 (5th Cir. 1992). Nor are we aware of any lower court that has held otherwise. Rather, district courts and bankruptcy courts have routinely allowed claims to be filed after reinstatement. See In re Santos, No. 11-05567 (MCF) 2012 WL 1570070 (Bankr. D.P.R. May 3, 2012); In re Gulley, 400 B.R. 529 (Bankr. N.D. Tex. 2009). And this precedent -- which aims to further the sensible administration of bankruptcy cases -- has roots that stretch back nearly a quarter of a century.

See In re Gulley, 400 B.R. at 538-39 (discussing Matter of Coston, 987 F.2d 1096 (5th Cir. 1992)).

We can see why this allowance has been made. Indeed, this is not the only context in which a filing clock has been adjusted to account for the period of the case's dismissal. See Price v. Wyeth Holdings Corp., 505 F.3d 624, 630-31 (7th Cir. 2007) ("The most obvious problem with Price's argument is that it rests on the illogical premise we have already rejected: that the removal clock somehow continues to run after a lawsuit has been voluntarily dismissed."). To be sure, a claim could be filed during the time that the case is dismissed, and filing a claim is not a terribly onerous task. See In re Gardenhire, 209 F.3d at 1152 (citing In re Edelman, 237 B.R. 146, 154 n.8 (B.A.P. 9th Cir. 1999)).

But Rule 9024 appears to permit the debtor to seek reinstatement on an open-ended time frame -- and thus even after the ninety-day period has ended. If the dismissal has no effect on the calculation of the ninety days, creditors would seemingly have to file their claims during the ninety-day period in every dismissed case in order to protect against the remote chance that a case might come back to life long after the ninetieth day has passed. It is hard to believe that the drafters envisioned Rules 3002, 9006, and 9024 working together in a way that would require creditors to engage in such wasteful activity, especially when the

order of dismissal frees creditors to return to their ordinary means of collection.

The bankruptcy court here was guided by principles of equity to recalculate the filing deadline. See In re Santos, 2012 WL 1570070 (Bankr. D.P.R. May 3, 2012) (proper to enlarge time and accept a purportedly untimely filed claim, where the initial deadline fell between the case's dismissal and its reinstatement); In re Gulley, 400 B.R. at 535 ("[B]ankruptcy courts have the power to nullify original case deadlines and recalculate them when there has been the extenuating circumstance of disruption of a case (e.g., when there has been a stay in or a dismissal of a case), but bankruptcy courts do not have the power to extend or toll deadlines generally on any equitable grounds.").

We agree with the decision below insofar as the drafters of the Rules could not possibly have intended the result that Appellant asks us to reach, in which it appears he sought reconsideration under Rule 9024. Cf. Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts -- at least where the disposition required by the text is not absurd -- is to enforce it according to its terms." (internal quotation marks and citation omitted)) (emphasis added); United States v. Dowdell, 595 F.3d 50, 71 (1st Cir. 2010) ("it is a well-established canon of statutory construction that a court should go beyond the literal

-8-

language of a statute if reliance on that language would defeat the plain purpose of the statute" (quoting Bob Jones Univ. v. United States, 461 U.S. 574, 586 (1983)).

Yet, we see two possible avenues to finding Bowles's claim timely filed.  One is that the days which pass during a case's dismissal period simply should not be counted towards the ninety days.  The creditor would thus have, upon reinstatement, the balance of days that were left on the ninety-day clock at the time of the dismissal to file a claim.  Indeed one could read the bankruptcy rules as inoperative during a case's dismissal, for parties should not be routinely expected -- especially without clear statutory or court-issued notice -- to treat a dismissed case as still active.

The second possible approach is that the days that pass during dismissal should count towards the ninety days, but that the bankruptcy court nevertheless may exercise its equitable powers under 11 U.S.C. § 105(a) to set a new bar date if the original one expired while the case was dismissed.  In this way, the bankruptcy court could account for the anomaly.  See In re Nosek, 544 F.3d 34, 44 (1st Cir. 2008) ("§ 105(a) has been referred to as a 'catch-all' provision, effectively filling gaps in the bankruptcy code in order to preserve the integrity of the bankruptcy system." (quoting Cuevas-Segarra v. Contreras, 134 F.3d 458, 459 (1st Cir. 1998))).

Here, we need not choose between the two approaches. Bowles filed its claim outside the ninety-day period, but just six days after the reversal of the order of dismissal. The filing of the claim was thus timely under either of the two possible approaches. Accordingly, we affirm the district court, but leave for another day the question of whether, in a case in which the order of dismissal is reversed <u>before</u> the ninetieth day has passed, no day during the period of dismissal should be counted as a day like "every" other, <u>see</u> Fed. R. Bankr. P. 9006(a)(1)(B); <u>In re Gardenhire</u>, 209 F.3d at 1152.

## B. Bowles's Motion for Fees, Costs, and Sanctions

Arguing that this appeal is frivolous, Bowles moves under Rule 38 of Appellate Procedure and in the alternative under 28 U.S.C. § 1927 for payment of costs and attorney fees. That rule provides that "if a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages or single or double costs to the appellee." Section 1927, by contrast, specifically penalizes attorney conduct, such that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct."

According to Bowles, this appeal was filed purely as a delay tactic to keep creditors at bay, and has no basis in law or fact. Bowles further argues that Appellant's attempt to raise before this court an objection to the imposition of attorney fees in the state of Florida "is a sign of temerity which warrants a finding that the appeal is frivolous."

The failure to engage substantively with cases on which a lower court has based its decision has, in the past, merited sanctions in this court. See Natasha, Inc. v. Evita Marine Charters, Inc., 763 F.2d 468, 472 (1st Cir. 1985) ("An appeal is frivolous when the result is obvious, or the arguments are 'wholly without merit.'") (internal citation and quotation marks omitted). This court has also granted fees in instances where an appeal had been brought solely for an improper purpose to delay legal proceedings. Alessandri v. April Ind., Inc., 934 F.2d 1, 3 (1st Cir. 1991).

Here, however, Appellant's arguments concerning the express language of the Rules of Bankruptcy Procedure are not altogether frivolous. While we interpret them to allow for the recalculation of time in this case, Rules 3002(c) and 9006 do narrowly define the scope of circumstances in which courts may reset claim filing deadlines. Bowles furthermore offers no evidence that either Appellant or his counsel engaged in

-11-

unreasonable or vexatious behavior meriting sanctions. We therefore deny this motion.

## IV. Conclusion

For the aforementioned reasons, we affirm the bankruptcy court's decision to extend the filing deadline and accept Bowles's claim as timely. We deny Bowles's motion for costs, fees, and sanctions.

**AFFIRMED**