**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3603
_____

RASHEED NIFAS,
                              Appellant

v.

LIEUTENANT BELLES; CORRECTION OFFICER BENZA;
CORRECTION OFFICER MARK; CORRECTION OFFICER MURPHY;
CORRECTION OFFICER PIEPOWSKI; UNIT MANAGER CARPENTIER;
LARISSA MARTIN, PSS; AMY KLUCK-LEONOWICZ, PSS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-19-cv-00538)
District Judge:  Honorable John E. Jones III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 12, 2022
Before: KRAUSE, BIBAS and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed February 4, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rasheed Nifas, a prisoner proceeding pro se, appeals from the District Court's order denying his motion for summary judgment and granting summary judgment to the defendants. We will affirm the District Court's judgment.

## I.

Nifas filed a civil rights complaint in state court pursuant to 42 U.S.C. § 1983 against employees of the State Correctional Institution – Coal Township in Pennsylvania. Nifas contended that prison psychologists Larissa Martin and Amy Kluck-Leonowicz violated his right of privacy under the Fourteenth Amendment by allowing inmate Certified Peer Specialists ("CPS") to stand at Nifas's cell door during conversations regarding Nifas's mental health concerns. Further, Nifas alleged that the remaining defendants—all correctional officers—photocopied his incoming legal mail, retained the originals to read, and refused to return the documents to sender or send them elsewhere on 16 occasions in 2018, which chilled his free speech and violated the First Amendment.

The defendants removed the action to the District Court, and Nifas and the defendants eventually filed cross motions for summary judgment. The District Court granted the defendants' motion and denied Nifas's. Nifas timely appealed. See Fed. R. App. P. 4(a)(1)(A); Houston v. Lack, 487 U.S. 266, 276 (1988).

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's summary judgment ruling. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is 'no genuine

issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted); see also Fed. R. Civ. P. 56(a).

## III.

The District Court properly granted summary judgment in favor of the defendants on Nifas's Fourteenth Amendment claims related to his meetings with Martin and Kluck-Leonowicz. While prisoners enjoy a right of privacy in their medical information, this right "is subject to substantial restrictions and limitations in order for correctional officials to achieve legitimate correctional goals and maintain institutional security." Doe v. Delie, 257 F.3d 309, 317 (3d Cir. 2001); see also Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999) (concluding that "the gratuitous disclosure of an inmate's confidential medical information as humor or gossip . . . violates the inmate's constitutional right to privacy"). In response to the defendants' motion, Nifas relied only on vague and conclusory allegations in an affidavit[1] and his verified complaint and did not elaborate with specificity to demonstrate that his medical information was disclosed to anyone other than Martin, Kluck-Leonowicz, or the CPS workers assisting them. See Paladino v. Newsome, 885 F.3d 203, 208 (3d Cir. 2018) (explaining that conclusory statements are insufficient to withstand a summary judgment motion); Quiroga v. Hasbro, Inc., 934 F.2d

---

[1] The Appellees contend that affidavits and other documents included in Nifas's Appendix were not part of the record below and should therefore be disregarded by this Court. That is incorrect. Nifas's affidavits can be located at ECF Nos. 18 and 33 on the District Court docket.

497, 500 (3d Cir. 1991) (noting that "vague statements" are insufficient to create a material question of fact precluding summary judgment). Moreover, the record demonstrates that CPS workers are paraprofessionals subject to the same confidentiality requirements as prison psychology staff. Under these circumstances, in response to the defendants' motion, Nifas did not create a triable issue as to whether his right of privacy was violated, nor did he show he was entitled to judgment as a matter of law on these claims.[2]

The District Court also properly granted judgment in favor of the defendants on Nifas's First Amendment claims. As the District Court acknowledged, "prisoners . . . 'do not forfeit their First Amendment right to use of the mails,'" and we have held that a "pattern and practice" or policy of opening an inmate's legal mail outside his or her presence violates the First Amendment "regardless of the state's good-faith protestations that it does not, and will not, read the content of the communications." Jones v. Brown, 461 F.3d 353, 358-59 (3d Cir. 2006) (citation omitted). For this reason, and as he has contended, Nifas may not have had to establish that the defendants actually read his legal mail in order to show that his First Amendment rights were violated. However, to create a genuine issue of material fact that the defendants engaged in conduct violative of his

---

[2] Nifas argues that the defendants disregarded state laws pertaining to, inter alia, confidential communications between patients and psychiatrists. But § 1983 provides relief for violation of federal laws, not for violation of state or local law. McMullen v. Maple Shade Twp., 643 F.3d 96, 99 (3d Cir. 2011). Nifas did not raise state law claims below, but rather seems to rely on state law pertaining to the admission of psychiatrist and psychologist testimony in civil and criminal cases and the confidentiality of medical records in support of his Fourteenth Amendment claims.

First Amendment rights, Nifas was required to make a greater showing than he did in response to the defendants' motion.

Namely, Nifas did not allege that the defendants opened his legal mail outside his presence but rather has asserted that Belles, Benza, Mark, Murphy, Carpentier, and Piepszowski kept his legal documents to read after refusing to return them to sender or to send them elsewhere.[3] However, as the District Court noted, Nifas failed to come forward with any evidence beyond his vague, self-serving statements to show more than a remote possibility that the defendants could have accessed his legal mail after storing it in a sealed envelope and locked box. While we have noted that often an affidavit is "about the best that can be expected from [a pro se prisoner] at the summary judgment phase of the proceedings," Brooks v. Kyler, 204 F.3d 102, 108 n.7 (3d Cir. 2000) (quotation marks, citation, and alterations omitted), it is also the case that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to survive summary judgment, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); see also

---

[3] In copying and storing Nifas's legal mail, the defendants were acting pursuant to Department of Corrections ("DOC") policy implemented in 2018, which required officials to photocopy incoming privileged correspondence in the presence of the addressee, provide the addressee with a copy, and retain the original in a secure location for 45 days. Nifas has made clear that he is not challenging the policy itself, which has since been changed. We acknowledge that in addressing a direct challenge to this policy, at least one District Court has concluded, at the motion to dismiss stage, that a prisoner plausibly alleged an infringement upon his right to freedom of speech. Thompson v. Ferguson, No. 19-cv-4580, 2020 WL 7872629, at *9 (E.D. Pa. Dec. 31, 2020). However, even in that case, the District Court dismissed the complaint upon concluding that the prison officials were entitled to qualified immunity because the right not to have legal mail copied or stored outside an inmate's presence was not clearly established. Id. at *12.

5

Paladino, 885 F.3d at 208.  Further, as the District Court noted, it is undisputed that the DOC provided Nifas with the opportunity to have his documents returned to sender or destroyed in 2019, but he refused to sign a form indicating his preference.  Under these circumstances, we agree with the District Court that the defendants were entitled to summary judgment on Nifas's First Amendment claims.  We will accordingly affirm the District Court's judgment.